UNION OIL COMPANY OF CALIFOR-
NIA, et al., Plaintiffs,

v.

The Honorable Rogers C. B. MORTON,
Secretary of the Interior of the United
States of America, et al., Defendants,

The City and County of Santa Barbara
et al., Applicants for Intervention.

Civ. A. No. 71-2287-RMC.

United States District Court,
C. D. California.

Oct. 13, 1972.

Gibson, Dunn & Crutcher, Samuel O.
Pruitt, Jr., R. Randall Huff, Los An-
geles, Cal., for plaintiffs.

Myles E. Flint, Andrew F. Walch, U.
S. Dep't of Justice, Land and Resources
Div., General Litigation Section, Wash-
ington, D. C., Donald J. Merriman, Asst.

U. S. Atty., Los Angeles, Cal., for defendants.

Marvin Levine, Deputy County Counsel, County of Santa Barbara, Santa Barbara, Cal., A. L. Wirin, Fred Okrand, Los Angeles, Cal., for intervenors-defendants.

## ORDER

McNICHOLS, District Judge.

On September 19, 1972, following a hearing on September 13, 1972, the Court entered an order requiring defendants to submit to the Court for *in camera* inspection certain documents falling within plaintiffs' request for inspection which defendants contended were subject to privilege.

On October 2, 1972, the United States Attorney for the District of Idaho, acting for the defendants, delivered an envelope to the Court which contained two sets of the said documents, there being five such documents. The first set of five documents are in complete form, the second set having had excised therefrom the portions of the documents which the defendants feel comprise privileged matter.

■ As indicated at oral argument, the Court holds that there exists a well established general rule of privilege protecting interdepartmental correspondence and memoranda from disclosure. At the same time the Court is satisfied that a right exists in favor of litigants bringing suit against the government over contractually based disputes to have rather broad discovery into the facts forming a basis for the governmental action. The Court therefore held, and does hold, that a balance must be struck between the necessity for protecting the need for governmental interdepartmental freedom of exchange of views on the one hand and the necessity for sufficient disclosure of information to attacking contractual litigants to insure fairness in the fact finding process. With these guidelines in mind, I have carefully scrutinized the five documents to which the claim of privilege is made, both in complete and in excised form.

■ Each of the five documents is a memorandum from one departmental official to another. Each contains one or more statements expressing opinions or offering suggestions. None could be categorized as earthshaking. None demonstrates any bias, prejudice or proposal of an unfair tactic.

I have concluded that the excised matter is not a potential source of material evidence required by the plaintiffs in order to prepare and present their case. The material on the other hand clearly falls within the privilege.

■ As to the excised material the claimed privilege will be honored and defendants will be permitted to furnish the five documents to the plaintiffs in the excised form. A second privilege has been claimed as to the memorandum of August 23, 1971, addressed to the office of the Secretary, on the basis of a lawyer-client privilege. While it is true that the Solicitor has endorsed the document, the document demonstrates on its face that the claim of privilege is not well taken as to the remaining portion of the document after excising.

The Court has placed all of the material received as aforesaid from the United States Attorney for the District of Idaho, as agent for the defendants, in the original envelope, sealed the same, and caused an endorsement to be placed thereon providing that the same may not be opened except with the specific written order of the Court. This envelope has been forwarded along with this order to the Clerk.

It is therefore ordered:

1. That the five memoranda documents listed and described in the affidavit of Hollis M. Dole filed herein on September 13, 1972, and submitted as herein detailed to the Court for *in camera* inspection be, by the defendants, produced for examination and copying in the excised form in accordance with the

provisions of Rule 34 of the Federal Rules of Civil Procedure. As to the non-excised portion thereof, the claim of privilege is denied.

2. That the complete forms of documents submitted to the Court for inspection, *in camera*, be placed by the Clerk of the Court, in a sealed envelope, endorsed as follows: "Not to be opened except on written orders of the Court", and in that form made a part of the files of this case.